ORIGINAL

FILED
JUN 30 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| BEARINGPOINT, INC., Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant. | ) | Civil Action No. 08-474 C |

BEARINGPOINT, INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to the Rules of the Court of Federal Claims Appendix C, BearingPoint, Inc. ("BearingPoint") requests the Court to allow the Plaintiff to file its Complaint and certain accompanying papers under seal. These documents contain BearingPoint's proprietary and confidential information, release of which would cause BearingPoint substantial competitive injury. Further, these documents include information released under a Government Accountability Office Protective Order, attached, as revised June 6, 2008. A redacted version of each of these documents is filed herewith.

Respectfully submitted,

DATED: June 30, 2008

Kevin P. Connelly
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.,
Suite 500
Washington, DC 20006-4004
(202) 828-5374 Telephone
(202) 641-9274 Protected Facsimile

Counsel for the Plaintiff
BearingPoint, Inc.

OF COUNSEL:
Joseph J. Dyer
Grace Bateman
Amanda B. Weiner
Joshua C. Drewitz
Daniel P. Wierzba

Seyfarth Shaw LLP
815 Connecticut Avenue, N.W.,
Suite 500
Washington, DC 20006-4004

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of June 2008, a copy of the foregoing Motion for Leave to File Under Seal was served via hand-delivery and electronic mail on:

Terrence Michael O Connor
Albo & Oblon, LLP
2200 Clarendon Boulevard
Suite 1201
Arlington, VA 22201
(703) 562-3382
Fax: (703) 312-0415
to@albo-oblon.com
*Counsel for Plaintiff Femme Comp Inc.*

James Stephen DelSordo
Argus Legal, LLC
9255 Center Street
Suite 307
Manassas, VA 20110
(703) 368-8770
Fax: (703) 368-8772
delsordo@arguslawfirm.com
*Counsel for Plaintiff Technical and Project Engineering LLC*

Holly Emrick Svetz
Womble Carlyle Sandridge & Rice PLLC
8065 Leesburg Pike
Fourth Floor
Vienna, VA 22182
(703) 394-2261
Fax: (703) 918-2264
hsvetz@wcsr.com
*Counsel for Plaintiff Data Systems Analysts, Inc.*

Warren Jay DeVecchio
Jenner & Block
601 13th Street, NW
Suite 1200
Washington, DC 20005
(202) 639-6893
Fax: (202) 661-4817
jdevecchio@jenner.com
*Counsel for Plaintiff L-3 Services, Inc.*

Kenneth David Woodrow
U. S. Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street, NW
Room 11030
Washington, DC 20530
202-353-0513
Fax: (202) 514-7969
national.courts@usdoj.gov
*Counsel for Defendant United States*

Timothy Sullivan
Thompson Coburn, LLP
1909 K Street, NW
Suite 600
Washington, DC 20006-1167
(202) 585-6900
Fax: (202) 585-6969
tsullivan@thompsoncoburn.com
*Counsel for Intervenor Defendant Savantage Financial Services, Inc.*

Marcia G. Madsen
Mayer Brown
1909 K Street, NW
Washington, DC 20006-1101
(202) 263-3274
Fax: (202) 263-5274
mgmadsen@mayerbrownrowe.com
*Counsel for Intervenor Defendant Booz Allen Hamilton, Inc.*

Kevin P. Connelly

GAO
Accountability * Integrity * Reliability

United States Government Accountability Office
Washington, DC 20548

Office of the General Counsel

April 25, 2008

Gerard P. Scala
D&S Consultants, Inc.

James S. DelSordo
Argus Legal

W. Jay DeVecchio
Kevin C. Dwyer
Edward Jackson
Daniel E. Chudd
Jenner & Block

Valerie J. Lyons
Barrie Burnick
Capgemini Government Solutions LLC

William Lieth
BearingPoint

James S. Kurz
James K. Kearney
Holly Emrick Svetz
Womble, Carlyle., Sandridge & Rice

Timothy Sullivan
Katherine S. Nucci
Thompson Coburn

Capt. Charles D. Halverson
Department of the Army

**File:** B-400055; B-400055.2; B-400055.3; B-400055.4; B-400055.5; B-400055.6 et al

**Protester:** D&S Consultants, Inc.; Technical and Project Engineering LLC; L-3 Services, Inc.; Capgemini Government Solutions LLC; BearingPoint; Data Systems Analysts; et al.

**Agency:** Department of the Army

**NOTIFICATION OF PROTECTIVE ORDER**

Attached is a copy of the protective order issued in connection with this matter. Counsel seeking admission (and their law clerks, paralegals, or support staff if they are admitted as attorneys to a state bar) must complete and submit the attached application to our Office within 3 days of receipt of this protective order, with a copy provided simultaneously to all parties; applications for consultants are available upon request. A party objecting to any individual's application must so advise our Office by the second day following receipt of the application. Applications containing the original signature of the applicant that are filed by facsimile or electronic transmission (e.g., PDF file) are deemed to contain a valid and enforceable signature; if filed in this manner, a hard copy with original signature need not also be submitted. Failure to complete the application accurately may result in denial of admission and/or sanction.

Individuals covered under a protective order are required to take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Examples of transmission methods that may require additional precautions include facsimile machines shared with individuals not admitted under this protective order, facsimile-to-electronic mail systems or services, and electronic mail. Electronic mail is now permitted under our protective order unless objected to by a party in the protest.

--For the Associate General Counsel

**FOR FURTHER INFORMATION:**

GAO Attorney: David A. Ashen; 202-512-8283; ashend@gao.gov
Case Status Calls: 202-512-5436; Fax Number 202-512-9749
GAO's Guide to GAO Protective Orders is available at www.gao.gov.

Attachments

***Paragraphs 4, 6, and 7 of the order were revised in December 2005.***

**UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE**
**OFFICE OF THE GENERAL COUNSEL**
**PROCUREMENT LAW DIVISION**
**Washington, D.C. 20548**

**Matter of:** D&S Consultants, Inc.; Technical and Project Engineering LLC; L-3 Services, Inc.; Capgemini Government Solutions LLC; BearingPoint; Data Systems Analysts; et al.

**File:** B-400055; B-400055.2; B-400055.3; B-400055.4; B-400055.5; B-400055.6 et al

**Agency:** Department of the Army

## PROTECTIVE ORDER

This protective order limits disclosure of certain material and information submitted in the above-captioned protest, so that no party obtaining access to protected material under this order will gain a competitive advantage as a result of the disclosure. Material to which parties gain access under this protective order is to be used only for the subject protest proceedings, absent express prior authorization from the Government Accountability Office (GAO). Such authorization must be requested in writing, with notice to all parties.

1. This protective order applies to all material that is identified by any party as protected, unless GAO specifically provides otherwise. Protected material includes information whether on paper or in any electronic format. This protective order applies to all proceedings associated with the protest, e.g., supplemental/amended protests, requests for reconsideration, and claims for costs.

2. Protected material of any kind may be provided only to GAO and to individuals authorized by this protective order. The first page of each document containing protected material is to be clearly marked as follows:

**PROTECTED MATERIAL**
**TO BE DISCLOSED ONLY IN ACCORDANCE WITH**
**GOVERNMENT ACCOUNTABILITY OFFICE PROTECTIVE ORDER**

The party claiming protection must clearly identify the specific portion of the material for which it is claiming protection. Wherever such protection is claimed for a protest pleading, the party filing the pleading shall submit a proposed redacted version for public release when the protected version is filed.

3. Only individuals who are admitted under this protective order by GAO, and support staff (paralegal, clerical, and administrative personnel) who are employed or supervised by individuals admitted under this order, and who are not involved in competitive decisionmaking

for a party to the protest or for any firm that might gain a competitive advantage from access to the protected material disclosed under this order, shall have access to information covered by this order. Individuals admitted under this protective order shall advise such support staff, prior to providing them access to protected material, of their obligations under this order.

4. Each party included under this protective order shall receive up to 3 copies of the protected material (the original constitutes one copy), and shall not duplicate that material, except as incidental to its incorporation into a submission to GAO or as otherwise agreed to by the parties with GAO's concurrence. For purpose of this provision, a "party" refers to the entity of record. Therefore, multiple attorneys or law firms representing a single party must determine among them how to allocate the maximum of 3 copies among the attorneys admitted to the protective order. Each duplication of electronic media (e.g., CD Rom), whether in electronic or hard copy form, constitutes a single copy. E-mail transmissions to multiple recipients should be counted as generating one copy for the sender and one for each recipient.

5. When any party sends or receives documents in connection with this protest that are not designated as protected, including proposed redacted versions of protected documents, the party shall refrain from releasing the documents to anyone not admitted under this protective order, including clients, until the end of the second working day following receipt of the documents by all parties. This practice permits parties to identify documents that should have been marked protected before the documents are disclosed to individuals not admitted under this protective order.

6. Each individual covered under this protective order shall take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Protected material may be sent using electronic mail unless objected to by any party in this protest. The confidentiality of protected material shall be maintained in perpetuity.

7. Within 60 days after the disposition of the protest(s) (or if a request for reconsideration or a claim for costs is filed, 60 days after the disposition of those matters), all protected material furnished to individuals admitted under this protective order, including all electronically transmitted material and copies of such material, with the exception of a single copy of a protected decision or letter issued by our Office, shall be: (1) returned to the party that produced them; or (2) with the prior written agreement of the party that produced the protected material, destroyed and certified as destroyed to the party that produced them; or (3) with the prior written agreement of the party that produced the protected material, retained under the terms of this order for such period as may be agreed. Within the same 60-day period, protected pleadings (including copies in archival files and computer backup files) and written and electronic transcripts of protest conferences and hearings shall be destroyed, and the destruction certified to GAO and the other parties, unless the parties agree otherwise. In the absence of such agreement

and for good cause shown, the period for retention of the protected material under this paragraph may be extended by order of GAO. Any individual retaining material received under this protective order (except for the single copy of a protected decision or letter issued by our Office) beyond the 60-day period without the authorization of GAO or the prior written agreement of the party that produced the material is in violation of this order. The terms of this protective order (except those terms regarding the return or destruction of protected material) shall apply indefinitely to the single copy of the protected decision or letter issued by our Office that is retained by a party admitted under this order.

8. Any violation of the terms of this protective order may result in the imposition of such sanctions as GAO deems appropriate, including but not limited to referral of the violation to appropriate bar associations or other disciplinary bodies and restricting the practice of counsel before GAO. A party whose protected information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.

/S/

David A. Ashen, Deputy Assistant General Counsel

April 25, 2008
[DATE]

GAO
Accountability * Integrity * Reliability

United States Government Accountability Office
Washington, DC 20548

April 30, 2008

Gerard P. Scala
D&S Consultants, Inc.

James S. DelSordo
Argus Legal

W. Jay DeVecchio
Kevin C. Dwyer
Edward Jackson
Daniel E. Chudd
Jenner & Block

Valerie J. Lyons
Barrie Burnick
Capgemini Government Solutions LLC

Kevin P. Connelly
Joseph J. Dyer
Grace Bateman
Amanda B. Weiner
Daniel P. Wierzba
Seyfarth Shaw

James S. Kurz
James K. Kearney
Holly Emrick Svetz
Erin L. Roberts
Womble, Carlyle, Sandridge & Rice

Timothy Sullivan
Katherine S. Nucci
Jon W. van Horne
Thompson Coburn

Capt. Charles D. Halverson
Raymond Saunders
Department of the Army

| | |
|---|---|
| **File:** | B-400055; B-400055.2; B-400055.3; B-400055.4; B-400055.5; B-400055.6 et al |
| **Protester:** | D&S Consultants, Inc.; Technical and Project Engineering LLC; L-3 Services, Inc.; Capgemini Government Solutions LLC; BearingPoint, Inc.; Data Systems Analysts; et al. |
| **Agency:** | Department of the Army |

**NOTICE OF ADMISSION TO PROTECTIVE ORDER**

The Government Accountability Office has previously received and reviewed the applications of: James S. DelSordo, with the law firm of Argus Legal, to represent Technical and Project Engineering LLC, a party in this protest; W. Jay DeVecchio, Kevin C. Dwyer, Edward Jackson, Daniel E. Chudd, and Damien C. Specht, with the law firm of Jenner & Block, to represent L-3 Services, Inc., a party in this protest; Kevin P. Connelly,
Joseph J. Dyer, Grace Bateman, Amanda B. Weiner and Daniel P. Wierzba, with the law firm of Seyfarth Shaw, to represent BearingPoint, Inc., a party in this protest; James S. Kurz, James K. Kearney, Holly Emrick Svetz and Erin L. Roberts, with the law firm of Womble, Carlyle, Sandridge & Rice, to represent Data Systems Analysts, a party in this protest; and Timothy Sullivan, Katherine S. Nucci and Jon W. van Horne, with the law firm of Thompson Coburn, to represent Savantage Financial Services, a party in this protest.

Based on the information provided by the individuals regarding relationships with the parties to the protest, and in the absence of any objection, the Government Accountability Office concludes that the risk of inadvertent disclosure of protected material is sufficiently minimal to warrant providing access under the protective order. The individuals have represented that they have read the protective order for this protest issued by the Government Accountability Office, and will abide by its terms and conditions in handling any protected material that is produced in this matter. Accordingly, the individuals listed above are hereby authorized to receive protected material.

Unless the Government Accountability Office expressly notifies the parties otherwise, all material identified by any party as falling within the protective order shall be covered by that order. For 2 working days following production, all documents, including those not designated as protected, shall be released only to persons admitted to the protective order, in order to permit identification of documents counsel believes should have been designated as protected.

Each individual covered under this protective order shall take all precautions necessary to prevent disclosure of protected material. In addition to physically and electronically securing, safeguarding, and restricting access to the protected material in one's possession, these precautions include, but are not limited to, sending and receiving protected material using physical and electronic methods that are within the control of individuals authorized by this protective order or that otherwise restrict access to protected material to individuals authorized by this protective order. Protected material may be sent using electronic mail unless objected to by any party in this protest. The confidentiality of protected material shall be maintained in perpetuity.

/S/

David A. Ashen
Deputy Assistant General Counsel

**NOTICE REGARDING PROTECTED MATERIALS**

GAO protective orders generally require that within 60 days after the disposition of the protest(s) (or if a request for reconsideration or a claim for costs is filed, 60 days after the disposition of those matters), all protected material furnished to individuals admitted under this protective order, including all electronically transmitted material and copies of such material, with the exception of a single copy of a protected decision or letter issued by our Office, shall be: (1) returned to the party that produced them; or (2) with the prior written agreement of the party that produced the protected material, destroyed and certified as destroyed to the party that produced them; or (3) with the prior written agreement of the party that produced the protected material, retained under the terms of this order for such period as may be agreed. Within the same 60-day period, protected pleadings (including copies in archival files and computer backup files) and written and electronic transcripts of protest conferences and hearings must be destroyed, unless the parties otherwise agree or GAO so orders. The terms of the protective order (except those terms regarding the return or destruction of protected material) apply indefinitely to the single copy of the protected decision or letter issued by our Office that is retained by a party admitted under the order.

GAO
Accountability * Integrity * Reliability
United States Government Accountability Office
Washington, DC 20548

June 6, 2008

Jonathan Bart

James S. DelSordo
Argus Legal

W. Jay DeVecchio
Jenner & Block

Valerie J. Lyons
Capgemini Government Solutions LLC

Kevin P. Connelly
Seyfarth Shaw

James S. Kurz
Womble, Carlyle., Sandridge & Rice

Timothy Sullivan
Thompson Coburn

Marcia G. Madsen
Mayer Brown

Capt. Charles D. Halverson
Department of the Army

| | |
|---|---|
| **File:** | B-400055; B-400055.2; B-400055.3; B-400055.4; B-400055.5; B-400055.6; B-400055.7 |
| **Protester:** | D&S Consultants, Inc.; Technical and Project Engineering LLC; L-3 Services, Inc.; Capgemini Government Solutions LLC; BearingPoint; Data Systems Analysts |
| **Agency:** | Department of the Army |

**REVISION TO PROTECTIVE ORDER**

Consistent with the recent modifications to the GAO protective order, the protective order in this matter is modified to read as follows:

> Material to which parties gain access under this protective order is to be used only for the subject protest proceedings, absent express prior authorization from the GAO. Protected material obtained under this protective order may be used, however, in a bid protest filed with the United States Court of Federal Claims, without GAO's prior authorization, provided that the information is filed under seal with the Court, that the Court is informed of GAO's protective order, and that the Court is requested to issue its own protective order to cover the protected material. In addition, GAO must be notified when suit is filed with the Court. Use of material protected under the GAO protective order will be governed by the protective order issued by the Court.

All terms of the GAO protective order not otherwise modified by this notice remain in effect.

__________/s/____________
Deputy Assistant General Counsel

GAO
Accountability * Integrity * Reliability
United States Government Accountability Office
Washington, DC 20548

June 6, 2008

Jonathan Bart

James S. DelSordo
Argus Legal

W. Jay DeVecchio
Jenner & Block

Valerie J. Lyons
Capgemini Government Solutions LLC

Kevin P. Connelly
Seyfarth Shaw

James S. Kurz
Womble, Cariyle., Sandridge & Rice

Timothy Sullivan
Thompson Coburn

Marcia G. Madsen
Mayer Brown

Capt. Charles D. Halverson
Department of the Army

| | |
|---|---|
| **File:** | B-400055; B-400055.2; B-400055.3; B-400055.4; B-400055.5; B-400055.6; B-400055.7 |
| **Protester:** | D&S Consultants, Inc.; Technical and Project Engineering LLC; L-3 Services, Inc.; Capgemini Government Solutions LLC; BearingPoint; Data Systems Analysts |
| **Agency:** | Department of the Army |

**NOTICE OF LIMITED LEAVE TO RELEASE PROTECTED INFORMATION TO A FEDERAL COURT**

This notice modifies the terms of the Government Accountability Office protective order issued in connection with the above-referenced protest. The protective order is modified as follows to allow L-3 Services, Inc. to use protected material in a suit L-3 Services, Inc. intends to file in the United States Court of Federal Claims.

1. Protected information obtained pursuant to GAO's protective order must be filed under Seal with the United States Court of Federal Claims, and L-3 Services, Inc. must request that the Court issue a protective order to cover the information currently under the GAO protective order. Counsel for L-3 Services, Inc. remains responsible for any release of information, inadvertent or otherwise, that may occur prior to the Court issuing a protective order covering all the currently protected information.

2. Use of information protected under the GAO protective order will be governed by the protective order issued by the Court. L-3 Services, Inc. must provide a copy of the Court's protective order to GAO upon issuance.

All terms of the GAO protective order not otherwise modified by this notice remain in effect.

__________/s/__________
Deputy Assistant General Counsel